# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ADRIAN W. DALTON, JOE GORMAN, QUENTIN
HARRIS, OCTAVIO SAHAGUN, CHRISTOPHER
SENA, AND PETE VELARDE, AND SIMILARLY
SITUATED CITY EMPLOYEES DENIED OWED
OVERTIME WAGES,

        Plaintiffs,

v.                                                  CV 07-1217 RB/WPL

CITY OF SANTA FE, NEW MEXICO,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter has been referred to me to make a recommendation regarding the parties' proposed settlement. I recommend that the settlement be approved.

### *Background*

This suit was brought by six named plaintiffs as a putative collective action pursuant to the Fair Labor Standards Act (FLSA). The complaint alleged that the named plaintiffs are transit operators for the City of Santa Fe who were denied overtime wages to which they were entitled. (Doc. 1.) Claiming that the City acted willfully and in bad faith, the plaintiffs sought their unpaid overtime wages, liquidated damages, attorneys' fees, and costs. (*Id.*) The City denied any wrongdoing, but asserted that if its actions violated the FLSA, the violations were not willful. The City also asserted that the plaintiffs were not entitled to overtime wages for *de minimus* activities or for periods beyond the applicable limitations period. (Doc. 5, 10.)

Along with the six named plaintiffs, six other employees or former employees signed notices stating that they agreed to be represented by the plaintiffs' attorneys and wanted to opt-in as plaintiffs in this case.  (Doc. 3, 13.)

In June 2008, counsel advised me that they had reached a tentative settlement.  After a protracted period of continuing negotiations, the plaintiffs' counsel filed Plaintiffs' Motion to Approve Settlement and Distribution of Settlement Proceeds on February 23, 2009.  (Doc. 20.)  I conducted a hearing on the motion on April 7, 2009.  (Doc. 22.)  On May 6, 2009, the plaintiffs' counsel filed an affidavit, which I will consider as a supplement to the motion.  (Doc. 25.)

*Discussion*

The FLSA provides that a suit to recover unpaid overtime wages may be brought by any employees on behalf of themselves and other similarly situated employees.  29 U.S.C. § 216(b).  To become a plaintiff in such a suit, an employee must "give[] his consent in writing to become such a party and such consent [must be] filed in the court in which" the suit was brought.  *Id.*  In addition to any judgment awarded to the plaintiffs, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  *Id.*

"The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours."  *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981)).  Because of the unequal bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; they "are not subject to negotiation or bargaining between employers and employees."  *Id.* (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945)).  However, if employees first sue their employer for back wages and then reach a settlement,

2

the settlement will be enforceable if it is approved by a court as being fair.  *See Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008); *Lynn's Food Stores*, 679 F.2d at 1353.

Before approving the settlement in this case, I must scrutinize it to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *See Lynn's Food Stores*, 679 F.2d at 1353; *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1145 (M.D. Fla. 2005).  There is a presumption in favor of finding a settlement to be fair.  *Dail*, 391 F. Supp. 2d at 1146.

A bona fide dispute existed in this case, as shown by the plaintiffs' claims and the City's affirmative defenses.  The parties have agreed to settle all claims for statutory damages, interest, and back wages set forth in the complaint through June 23, 2008.  The total amount paid by the City will be $24,100.  Of this amount, $13,468.98 will be paid to the plaintiffs' two attorneys for their fees and costs, including gross receipts taxes.  The remaining $10,631.02 will be divided among the six named plaintiffs and four of the opt-in plaintiffs.  These ten plaintiffs will receive half of their total recovery directly from the City through the normal payroll process.  The other half will be paid to the plaintiffs' attorneys to be held in trust and distributed to the individual plaintiffs.  These plaintiffs have signed a chart in which they acknowledge the total amount they will receive, as well as the amounts that the other plaintiffs will receive.  (Doc. 20 Ex. B.)  The chart states that they "agree to accept that amount in full and final settlement and satisfaction of [their] claims . . . and approve of the distribution to the other plaintiffs" set forth in the chart.  (*Id.*)  The motion states that these ten plaintiffs were consulted during the settlement negotiations, were able to comment before the final settlement was reached, and were given an opportunity to inquire into how the distributions were calculated and to object to the proposed distributions.

The remaining two opt-in plaintiffs will not recover anything as a result of this suit.  After a review of their time records, the City and plaintiffs' counsel determined that these two plaintiffs

were not deprived of any overtime to which they were due. These plaintiffs were not consulted during the settlement negotiations and failed to return phone calls from plaintiffs' counsel regarding the settlement. The motion states that counsel left "detailed messages regarding the terms of the settlement" for these two plaintiffs. (Doc. 20 at 2.) One of the plaintiffs' attorneys has filed an affidavit stating that he sent copies of the motion, with accompanying letters, to these two plaintiffs on April 8, 2009 by regular and certified mail. (Doc. 25.) The letters advised them to notify him within seven days if they had any objections. (*Id.* Ex. 1.) According to the affidavit, the letters sent by regular mail were delivered successfully. One plaintiff signed for her certified mail, and the other did not claim his. (Doc. 25.) There has been no response from either plaintiff.

After considering the claims and defenses raised in this suit, counsels' presentation at the hearing, and the motion and supporting affidavit and exhibits, I conclude that the settlement agreement is fair. I therefore recommend that the Court enter an order approving the settlement and the distribution of settlement proceeds as described in the motion. I further recommend that upon entry of the Court's order, this suit be dismissed with prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

4